UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL BRADFORD, PAT DAMIANI, JR., JOSEPH DELEONARDIS, JOHN DISPENSA, ROBERT DIZZINE, FRANK DOLLBAUM, RICH GILMORE, JOHN HILL, PHILLIP HUGGINS, JAMES JOHANNEMANN, JOHN MARAIA, JOHN A. MARAIA, ROBERT NIGRO, RAYMOND PANTEL, RICHARD PARKER, TIMOTHY RILEY, JEFF SEIDEL, CARL TALLARDY, ALLAN THOMPSON, JR., JAMES SASS, JR. AND SANFORD WHITMAN, AS TRUSTEES OF THE IBEW LOCAL 363 PENSION, WELFARE, ANNUITY AND J.A.T. FUNDS,

           Plaintiffs,

 -against-

SPOOR & HAINES, INC.,

           Defendant.
------------------------------------------------------------------X

**COMPLAINT**

08 CIV. 6716

**JUDGE KARAS**

   Plaintiffs, MICHAEL BRADFORD, PAT DAMIANI, JR., JOSEPH DELEONARDIS, JOHN DISPENSA, ROBERT DIZZINE, FRANK DOLLBAUM, RICH GILMORE, JOHN HILL, PHILLIP HUGGINS, JAMES JOHANNEMANN, JOHN MARAIA, JOHN A. MARAIA, ROBERT NIGRO, RAYMOND PANTEL, RICHARD PARKER, TIMOTHY RILEY, JEFF SEIDEL, CARL TALLARDY, ALLAN THOMPSON, JR., JAMES SASS, JR. AND SANFORD WHITMAN, AS TRUSTEES OF THE IBEW LOCAL 363 PENSION, WELFARE, ANNUITY AND J.A.T. FUNDS, respectively (hereinafter collectively referred to as the "FUNDS"), by and through their attorneys ARCHER, BYINGTON, GLENNON & LEVINE, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION AND JURISDICTION

1. This is a civil action brought pursuant to §§502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974, as amended (hereinafter referred to as "ERISA") [29 U.S.C. §1132(a)(3) and 1145], and §301 of the Labor-Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") (29 U.S.C. §185), by an employee welfare benefit fund, an employee pension benefit fund, an employee apprenticeship and training trust fund, and an employee annuity fund; and by the Administrators and/or Trustees of the Funds; for injunctive and other equitable relief under ERISA, and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to submit the required monetary contributions and/or reports to the Funds.

2. Jurisdiction of this Court is invoked under the following statutes:

    (a)   §502(e)(1) and (f) of ERISA [29 U.S.C. §1132(e)(1) and (f)];

    (b)   §301 of the Taft-Hartley Act (29 U.S.C. §185);

    (c)   28 U.S.C. §1331 (federal question);

    (d)   28 U.S.C. §1337 (civil actions arising under Act of Congress regulating commerce);

    (e)   28 U.S.C. §1367 (supplemental jurisdiction) and principles of pendent jurisdiction.

3. Venue properly lies in this district under §502(e)(2) of ERISA [29 U.S.C. §1132(e)(2)]. Service may be made on defendant in any other district in which it may be found pursuant to §502(e)(2) of ERISA [29 U.S.C. §1132(e)(2)]. The Funds are administered at 67 Commerce Drive South, Harriman, NY 10926.

## **PARTIES**

4. The Funds are jointly administered employee labor-management trust funds established and maintained pursuant to a collective bargaining agreement in accordance with §302(c)(5) of the Taft-Hartley Act [29 U.S.C. §186(c)(5)].

5. The Funds are authorized to maintain suit as independent legal entities under §501(d)(1) [29 U.S.C. §1132(d)(1)]. The purpose of the Funds is to provide various fringe benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the electrical construction industry and the Union (as hereinafter defined).

6. Plaintiffs MICHAEL BRADFORD, PAT DAMIANI, JR., JOSEPH DELEONARDIS, JOHN DISPENSA, ROBERT DIZZINE, FRANK DOLLBAUM, RICH GILMORE, JOHN HILL, PHILLIP HUGGINS, JAMES JOHANNEMANN, JOHN MARAIA, JOHN A. MARAIA, ROBERT NIGRO, RAYMOND PANTEL, RICHARD PARKER, TIMOTHY RILEY, JEFF SEIDEL, CARL TALLARDY, ALLAN THOMPSON, JR., JAMES SASS, JR. AND SANFORD WHITMAN, AS TRUSTEES OF THE IBEW LOCAL 363 PENSION, WELFARE, ANNUITY AND J.A.T. FUNDS, are the Trustees of the Funds and are fiduciaries of said Funds within the meaning of §§3(21) and 502 of ERISA [29 U.S.C. §§1002(21) and 1132] and bring this action in their fiduciary capacity as Trustees of said Funds.

7. The non-party Union, IBEW Local 363, is a labor organization within the meaning of §301 of the Taft-Hartley Act (29 U.S.C. §185) which represents employees in an industry affecting commerce as defined in §501 of the Taft-Hartley Act (29 U.S.C. §142). The Union's office is at 67 Commerce Drive South, Harriman, NY 10926.

8. Upon information and belief, at all times material hereto, defendant Spoor & Haines, Inc. ("Employer") is in the business of electrical contracting, and is located at 68 Fairview Avenue, Poughkeepsie, New York, 12602.

9. The Employer is an employer within the meaning of Sections 3(5) and 515 of ERISA [29 U.S.C. §§1002(5) and 1145], and is in an industry affecting commerce within the meaning of §301 of the Taft-Hartley Act (29 U.S.C. §185).

10. Further, upon information and belief, defendant became signatory to a certain collective bargaining agreement (hereinafter referred to as the "Agreement") with the Union wherein, <u>inter alia</u>, defendant became obligated to submit and/or pay the required monetary contributions and/or reports to the Funds according to the Agreement, for all work performed by defendant's employees within the trade and geographical jurisdiction of the Union.

### AS AND FOR A FIRST CLAIM AGAINST DEFENDANT

11. Plaintiff's Funds repeat and reallege each and every allegation contained in paragraphs numbered "1" through "10" of this complaint as if more fully set forth herein.

12. Upon information and belief, as a result of work performed by individual employees of defendant pursuant to the Agreement, there became due and owing to plaintiffs' Funds from defendant fringe benefit contributions for the period October 1, 2007 through May 30, 2008, of at least $73,592.42.

13. No part of these fringe benefit contributions contractually due plaintiffs' Funds has been paid by defendant, although duly demanded, and plaintiffs' Funds have been damaged in an amount of at least $73,592.42.

14. The failure, refusal or neglect of defendant to make the required contributions to

plaintiffs' Funds constitutes a violation of the Agreement between defendant and the Union with respect to which plaintiffs' Funds are third-party beneficiaries.

15. Accordingly, defendant is liable to plaintiffs' Funds in an amount of at least $73,592.42.

## AS AND FOR A SECOND CLAIM AGAINST DEFENDANT

16. Plaintiffs' Funds repeat and reallege each and every allegation contained in paragraphs "1" through "15" of this Complaint, as if more fully set forth at length herein.

17. Section 515 of ERISA (29 U.S.C. §1145), requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the collective bargaining agreement.

18. Upon information and belief, at all times material hereto, defendant failed to submit and/or pay or timely pay the required monetary contributions and/or reports to plaintiffs' Funds. Such failure to make payments or timely payments constitutes a violation of §515 of ERISA (29 U.S.C. §1145).

19. Section 502 of ERISA (29 U.S.C. §1132), provides that upon a finding of an employer violation of §502 of ERISA (29 U.S.C. §1145), the Court shall award to a plaintiff fund the unpaid fringe benefit contributions, plus interest on the unpaid principal computed at rate of 2%/month as set forth in the Plan, or if none, as set forth in United States Internal Revenue Code (26 U.S.C. §6621), and liquidated damages in the amount of 20% of the unpaid contributions together with reasonable attorneys' fees, costs and disbursements incurred in this action.

20. Accordingly, defendant is liable to plaintiffs' Funds for the submission and

payment of the required timely monetary contribution and/or reports to plaintiffs' Funds as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid contributions, costs and disbursements incurred in this action, pursuant to §502 of ERISA (29 U.S.C. §1132).

### AS AND FOR A THIRD CLAIM AGAINST DEFENDANT

21.     Plaintiffs' Funds repeat and reallege each and every allegation contained in paragraphs "1" through "20" of this Complaint as if more fully set forth herein.

22.     Pursuant to the terms and conditions of the Agreement, defendant is required, inter alia to file certain employer contribution reports with plaintiffs' Funds, and is further required to permit and cooperate with plaintiffs' Funds in the conduct of audits of defendant's books, records, papers and reports for the purpose of ascertaining the amount of fringe benefit contributions due plaintiffs' Funds from defendant and of verifying the accuracy of the employer contribution reports, if filed.

23.     Accordingly, pursuant to the terms and conditions of the Agreement, plaintiffs' Funds pray for an Order requiring defendant to permit and to cooperate in the conduct of future audits in accordance with the applicable provisions of the parties' collective bargaining agreement.

WHEREFORE, plaintiffs' Funds demand judgment against defendant as follows:

a.  On the first cause of action, ordering payment by defendant of all past due contributions to plaintiffs' fringe benefit funds, in an amount of at least $73,592.42 for the period October 1, 2007 through May 30, 2008;

b.  payment of all contributions and interest which become due for the period October 1, 2007 through May 30, 2008, and which become

   due during the pendency of this action;

c. accrued pre-judgment interest on all contributions in accordance with ERISA §501(g)(2);

d. liquidated damages of 20% of contributions now due, and which accrued during the pendency of this action, reasonable attorneys' fees, costs and disbursements in accordance with ERISA §502(g)(2);

e. an Order permanently enjoining defendant and its agents, representatives, directors, officers, stockholders, successors and assigns, for so long as they remain obligated to contribute to plaintiffs' Funds, from failing, refusing or neglecting to submit and/or pay the required timely monetary contributions and/or reports, and requiring them to permit and cooperate in the conduct of audits in accordance with the applicable collective bargaining agreements and rules of plaintiffs' Funds;

f. such other and further relief as the Court deems just and proper.

Dated: Melville, New York
   July 24, 2008

_____
Marty Glennon
ARCHER, BYINGTON, GLENNON & LEVINE, LLP
Attorneys for Plaintiffs
425 Broadhollow Road, Suite 405
P.O. Box 9064
Melville, NY 11787-9064
(631) 777-6903